IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COX ENTERPRISES, INC., COX COMMUNICATIONS, INC. and COXCOM, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> HISCOX INSURANCE COMPANY, INC., AND ACE AMERICAN INSURANCE COMPANY, <br><br> Defendants. | Case No. 24-cv-01777-MHC |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.  Description of Case:**

(a) Describe briefly the nature of this action.

Cox Enterprises, Inc. ("CEI") Cox Communications, Inc. ("CCI") and CoxCom, Inc. ("CoxCom") (collectively, "Cox") seek damages for breach of contract arising from the denial by Hiscox Insurance Company, Inc. ("Hiscox") and ACE American Insurance Company's ("Ace") (together, the "Defendants") of Cox's claim for coverage under multimedia policies issued by the Defendants to Cox for defense costs and the settlement amount incurred by Cox in connection with the action titled <u>BMG Rights Management (US) LLC v. Cox Enterprises, Inc., et al.</u>, No. 1:14-CV-1611 (LOG/JFA) (E.D. Va.).

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

This is an insurance coverage dispute. Hiscox sold US TMT Multimedia Liability Policy, Policy No. US UAA 2619952.11, with a policy period of December 1, 2011 to December 1, 2012 (the "Hiscox Policy"), and ACE sold Excess Liability Insurance Policy, Policy No. XEO G24586261 003, with the same policy period (the "ACE Policy") to CEI (together, the "Policies"). Cox contends that pursuant to the Policies, Defendants agreed to insure against, among other things, losses arising out of the media activities of CEI and its subsidiaries.

In 2014, CEI, CCI, and CoxCom were all named as defendants in a lawsuit filed in the Eastern District of Virginia by BMG Rights Management (US) LLC and Round Hill Music LP, in which they alleged that Cox contributed to copyright infringement (the "BMG Action"), for which Cox submitted a claim for insurance coverage to the Defendants. Cox ultimately settled the claims asserted against it in the BMG Action. The Defendants have not reimbursed Cox for the cost of settlement or any costs incurred in connection with the defense of Cox in the BMG Action. Cox contends that Defendants are required to reimburse Cox for such costs.

Hiscox and Ace contend that there is no coverage for the BMG Action under the Hiscox Policy or the Ace Excess Policy because the allegations in the BMG Action do not satisfy any applicable insuring agreement in the Policies. Hiscox and Ace additionally contend that other exclusions, conditions, and limitations in the Hiscox Policy and the Ace Excess Policy bar coverage, in whole or in part.

(c) The legal issues to be tried are as follows:

1. Breach of Contract: Do the Policies provide coverage for the liabilities and costs incurred with the BMG Action? Did Defendants breach their duties under the Policies to indemnify Cox for its liabilities and costs incurred with the BMG Action?

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

*N/A*

    (2)   Previously Adjudicated Related Cases:

1. *BMG Rights Management (US) LLC v. Cox Enterprises, Inc., et al.*, No. 1:14-CV-1611 (LOG/JFA) (E.D. Va.): Settled in August 2018, and thereafter dismissed with prejudice.

**2.** This case is complex because it possesses one or more of the features listed below (please check):

    \_\_\_\_\_ (1) Unusually large number of parties
    \_\_\_\_\_ (2) Unusually large number of claims or defenses
    \_\_\_\_\_ (3) Factual issues are exceptionally complex
    \_\_x\_\_ (4) Greater than normal volume of evidence
    \_\_x\_\_ (5) Extended discovery period is needed
    \_\_\_\_\_ (6) Problems locating or preserving evidence
    \_\_\_\_\_ (7) Pending parallel investigations or action by government
    \_\_x\_\_ (8) Multiple use of experts
    \_\_\_\_\_ (9) Need for discovery outside United States boundaries
    \_\_x\_\_ (10) Existence of highly technical issues and proof
    \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:

Joshua L. Blosveren (*pro hac vice*)
New York Bar No. 4142691
jblosveren@hnrklaw.com
Bradley J. Nash (*pro hac vice*)
New York Bar No. 4140109
bnash@hnrklaw.com
**Hoguet Newman Regal & Kenney, LLP**
One Grand Central Place
60 E. 42nd Street, 48th Floor
New York, New York 10165
Telephone:  212.689.8808
Facsimile:  212.689.5101

Ryan D. Watstein
Georgia Bar No. 266019
ryan@wtlaw.com
Matthew A. Keilson
Georgia Bar No. 216676
mkeilson@wtlaw.com
**WATSTEIN TEREPKA LLP**
1005 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Telephone: 404.418.8307

Defendant Hiscox Insurance Company Inc.:

Judy Y. Barrasso (*pro hac vice*)
Louisiana Bar No. 2814
jbarrasso@barrassousdin.com
Micheal C. Gretchen
Georgia Bar No. 522171
mgretchen@barrassousdin.com
Janelle Sharer (*pro hac vice*)
Louisiana Bar No. 37305
jsharer@barrassousdin.com
**BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.**
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: 504.589.9700

Stephen J. Rapp
Georgia Bar No. 103806
srapp@wwhgd.com
**WEINBERG WHEELER HUDGINS GUNN & DIAL**
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
Telephone: 404.583.6920

Defendant ACE American Insurance Company:

Angelo G. Savino (*pro hac vice*)
asavino@cozen.com
Ethan Price-Livingston (*pro hac vice*)
eprice-livingston@cozen.com
**COZEN O'CONNOR**
3 WTC, 175 Greenwich Street
55th Floor
New York, NY 10007

Elliot Kerzner
Georgia Bar No. 225221
ekerzner@cozen.com
**COZEN O'CONNOR**
The Promenade, Suite 400
1230 Peachtree Street, NE
Atlanta, GA 30309
Telephone: 404.572.2070
Facsimile: 404.602.9968

4. **Jurisdiction:**

   Is there any question regarding this Court's jurisdiction?

   ____Yes        _X__ No

   If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:

   *N/A*

 (b) The following persons are improperly joined as parties:

  *N/A*

 (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

  *N/A*

 (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

 Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

 (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

  *None at this time.*

 (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

 All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

 All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

 (a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)  *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.      Initial Disclosures:**

> The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.

26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

*Initial disclosures will be served by August 28, 2024.*

**9.      Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

*The Parties do not request a scheduling conference, and in lieu of same, they submit the following proposed schedule for the completion of discovery:*

- *Pursuant to Local Rule 26.2(A), discovery shall commence 30 days following the appearance of a defendant by answer to the operative complaint;*
- *Documents identified in the parties' initial disclosures to be served on or before 60 days after service of initial disclosures;*
- *Responses to initial interrogatories and requests to produce documents, pursuant to Federal Rules of Civil Procedure 33 and 34, shall be served on or before December 12, 2024;*

- *All fact depositions shall be completed on or before April 11, 2025.*
- *Plaintiffs shall submit expert reports on or before April 25, 2025.*
- *Defendants Hiscox and Ace shall submit expert reports 30 days after receipt of Plaintiffs' expert report.*
- *Expert depositions shall be completed on or before August 14, 2025.*
- *The parties will meet and confer regarding any anticipated revisions to these deadlines, and to contemplate any further deadlines not outlined above.*

**10.   Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

CONTRACT – "4" MONTHS DISCOVERY TRACK – INSURANCE

*Discovery will be sought concerning the evidence regarding the claims alleged in the underlying lawsuit, the parties' intent behind the underwriting and drafting of the insurance policy at issue, the communications between the parties concerning Cox's claim for coverage, communications by Cox internally, to other insurers and non-parties regarding the underlying claims, risk of exposure, settlement value and/or insurance coverage, communications by Cox regarding settlement terms and payments made for the settlement, allocation on any covered and noncovered claims, attorney fees and expenses. Expert discovery is also likely necessary.*

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

*As indicated above, expert discovery is likely necessary. Because certain expert opinions' may be based on evidence obtained in fact discovery, expert discovery cannot proceed until fact discovery is largely complete. Fact discovery likely will require document production and depositions from numerous third parties, including but not limited to insurance brokers, accountants and others involved in coverage and case evaluations. In addition, the document production from the parties here may be extensive since, among other reasons, a substantial number of documents were produced in the underlying case and in other potentially relevant cases. Accordingly, the parties propose an twelve-month discovery period and will only seek an extension of that time period if warranted by future circumstances.*

**11.  Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

*None at this time.*

(b) Is any party seeking discovery of electronically stored information?

____*X*____ Yes                    _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

9

*The parties have generally discussed these issues and do not presently anticipate any issues in limiting the scope of production, but will meet and confer in the event any such issues arise.*

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

*The parties have generally discussed these issues and will hold further discussions regarding file formats and metadata.*

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

- *Confidentiality Agreements/protective order for certain financial or proprietary information that may be exchanged during discovery.*
- *Clawback/non-waiver agreement for inadvertently produced documents.*

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on *August 8, 2024*, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):   /s/ Joshua L. Blosveren

Other participants:        Matthew Keilson

For defendant Hiscox: Lead counsel (signature):  /s/ Judy Y. Barrasso

    Other participants:    Janelle Sharer
*Due to a scheduling conflict, Ms. Barrasso was unable to participate in the Rule 26(f) conference, but discussed each matter (including settlement) with her co-counsel before and after the conference.*

For defendant ACE: Lead counsel (signature):  /s/ Angelo Savino

    Other participants:    Ethan Price-Livington

    (b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (_____) A possibility of settlement before discovery.
    (_____) A possibility of settlement after discovery.
    (_____) A possibility of settlement, but a conference with the judge is needed.
    (_____) No possibility of settlement.

*It is premature at this point to gauge the likelihood of settlement prior to or during discovery, but the parties have engaged in discussions regarding a potential resolution of the matter and are likely to continue such discussions.*

    (c)    Counsel(_____) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.

    (d)    The following specific problems have created a hindrance to settlement of this case.

**14.**    **Trial by Magistrate Judge:**
Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court.

_____/s/ Joshua L. Blosveren_____
Counsel for Plaintiff


_____/s/ Judy Barrasso_____
Counsel for Defendant Hiscox


_____/s/ Angelo Savino_____
Counsel for Defendant ACE


Respectfully submitted this 14th day of August 2024.

*/s/ Ryan D. Watstein*_____
Ryan D. Watstein
Georgia Bar No. 266019
Matthew A. Keilson
Georgia Bar No. 216676
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
T: 404-418-8307
E: ryan@wtlaw.com
   mkeilson@wtlaw.com

*Attorneys for Plaintiffs Cox Enterprises, Inc., Cox Communications, Inc., and CoxCom, Inc.*

*************
## SCHEDULING ORDER

     Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

     IT IS SO ORDERED, this _____ day of _____,
20____.

                                                          _____
                                                          UNITED STATES DISTRICT
                                                          JUDGE